IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES TERRENCE FAWCETT,

        Plaintiff,

    vs.                          CIVIL NO.  07-442 MV/LFG

UNITED STATES AIR FORCE
and UNITED STATES PENTAGON,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND DISMISSING LAWSUIT WITHOUT PREJUDICE

THIS MATTER is before the Court *sua sponte*.  Plaintiff James Terrence Fawcett ("Fawcett") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees.  The *in forma pauperis* statute, 28 U.S.C. § 1915 authorizes a court to waive filing fees and various court costs.  The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Fawcett submitted an affidavit indicating that he is indigent.  He is unemployed and receives Social Security disability benefits.  At the time the Complaint was filed, Fawcett resided in a homeless shelter located in Santa Fe, New Mexico.  He has no stocks, bonds or savings, and has no other assets to utilize in the prosecution of this litigation.  Based on Fawcett's affidavit, the Court authorizes the filing of his Complaint without payment of a filing fee.

### *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, courts are specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  A federal court may also conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed.  Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, the court does "not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations." Id. (internal citation omitted).  It is with these standards in mind that the Court reviews Fawcett's Complaint for damages.

Fawcett seeks to bring his lawsuit against the United States Air Force and the United States Pentagon.  The form complaint he filed asserts that his lawsuit is filed pursuant to 42 U.S.C. § 1983. Fawcett's Complaint identifies as Defendants only federal agencies or federal entities.  Fawcett did not name as Defendants any state or federal actors in their individual capacities.

## Section 1983

### I.    Legal Standard

Section 1983 claims allow for court relief when a party's federally protected rights have been violated by state or local officials or by other persons acting under color of state law.  Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements:  (1) "the plaintiff must allege that some person has deprived him of a federally protected right," and (2) "he must allege that the person who deprived him of that right acted under color of state or territorial law."  Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

### II.    Discussion

Fawcett's Complaint names only federal agencies or federal entities as Defendants.  Section 1983 claims may not be asserted against the federal government.  The United States has not waived its sovereign immunity for constitutional tort claims.  See FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996 (1994) (holding sovereign immunity precludes damage claims against United States government); Punchard v. United States Bureau of Land Management, 180 Fed. Appx. 817, 819 (10th Cir. May 18, 2006) (federal government not subject to suit under § 1983), cert. denied, 127 S. Ct. 738 (2006).

Fawcett's Complaint is deficient on its face.  While he identified the U.S. Air Force and the U.S. Pentagon as the Defendants, he did not indicate what either the Air Force or the Pentagon did to deprive him of a federally protected rights.  Indeed, Fawcett's Complaint is incomprehensible. For example, he states in Count I, "Unpaid doner [sic] blood and urine to doner [sic], plaintiff. Unpaid is constitutionall [sic].  Unconstitutional is doner [sic] blood and plaintiff.  org! When asked to describe the facts that support his complaint, Fawcett states:

3

> US, Air Force, defendant, involved as blood, urine of plaintiff in
> complaint used by US Air Force, US Pentagon on a daily basis.
> Large business.  No contract with doner [sic].  Large business is
> blood, urine of plaintiff.  Production and Hospital, Clinic uses.
> Defendants has [sic] not supported plaintiff in finance or
> identification.  Defendant you!  Plaintiff resides homeless shelter.

At best, Fawcett's allegations are vague and conclusory.  Generally, however, they simply make no sense.

Although Fawcett cannot bring a § 1983 claim against the federal government, a plaintiff may properly assert a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) when the deprivation of a constitutional right has been occasioned by a federal actor.  "Bivens actions" are brought only against federal actors in their individual capacities, not in their official capacities, and not against federal agencies for which they work.  *See* Bivens.

In this case, Fawcett cannot, as a matter of law, prevail on a § 1983 claim.  Fawcett neither identified a person who deprived him of a federally protected right, nor demonstrated that the federally protected right was deprived pursuant to color of state or territorial law.  Moreover, the present Complaint fails to state a cause of action under Bivens.  Fawcett did not identify any federal actors in their individual capacities who allegedly deprived him of a federal protected right.

Even affording a *pro se* litigant a liberal reading of the Complaint as required by law, Northington v. Jackson, the Court determines that the Complaint is "frivolous" and that is "patently obvious" that Fawcett fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court is obligated to reduce the costs of litigation and to expedite the ultimate disposition of cases.  Allowing Fawcett to go forward with this Complaint would burden Defendants and increase the costs of litigation.  The costs of service of process on Defendants, which would be assumed by the citizens, are unjustified

in cases such as this.  Additionally, Defendants would be forced to file motions to dismiss and to engage in costly pleading practice.  Given the inadequacy of the Complaint, the motions would ultimately be granted.

Thus, in toto, Fawcett's Complaint does not withstand Rule 12(b)(6) scrutiny and will be dismissed.  Dismissals under 12(b)(6) are without prejudice.  Thus, if Fawcett is able to articulate an actionable claim, he may file a new lawsuit and seek *in forma pauperis* status for prosecuting an actionable claim.

Accordingly, the Court now grants Fawcett's application for *in forma pauperis*; denies the request for free service of process; and dismisses Fawcett's lawsuit without prejudice.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5